**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| COMMUNICATIONS SUPPLY CORPORATION, | ) | | |
| | ) | | |
| Plaintiff, | ) | Civil Action No. 18-1374 | |
| | ) | | |
| v. | ) | Judge Cathy Bissoon | |
| | ) | | |
| IRON BOW TECHNOLOGIES, LLC, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## <u>ORDER</u>

Defendant's Motion (Doc. 8) to dismiss for improper venue will be denied, for essentially the same reasons as stated in Plaintiff's Opposition Brief (Doc. 11). Plaintiff's analyses are incorporated-by-reference herein; and, otherwise, the following additional explanations suffice.

At best, Defendant might establish that the parties' competing forum-selection-clauses fall-away, pursuant to the "knockout rule" applied in the battle-of-the-forms context. Defendant, however, then asks precisely the wrong question – namely, whether venue is proper in *its* preferred-forum (Virginia). However, it is Plaintiff's prerogative – as the master of its own case – to bring suit in any jurisdiction where venue properly lies.[1] Defendant has made no effort to show that venue in this forum – where Plaintiff's corporate-parent resides, and Plaintiff rather-credibly may claim that the contract was formed and/or its injuries were suffered – is improper.

Consistent with the foregoing, Defendant's Motion to Dismiss (**Doc. 8**) is **DENIED**.

---

[1] Placing aside *forum non conveniens* considerations, a theory that is not advanced in Defendant's Motion.

IT IS SO ORDERED.


June 5, 2019                                          s\Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge


cc (via ECF email notification):

All Counsel of Record